IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

            Plaintiff,

                                                 08-cr-159-bbc

    v.

MARGRETTE COBB,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Margrette Cobb has filed objections to the United States Magistrate Judge's report in which he recommended denial of defendant's motion to suppress the statements she made to law enforcement officers at the office of her state probation officer on April 10, 2008. Defendant argues that the magistrate judge erred in relying on Minnesota v. Murphy, 465 U.S. 420 (1984), and United States v. Cranley, 350 F.3d 617 (7th Cir. 2003), cases in which the Supreme Court and the Court of Appeals for the Seventh Circuit held that statements given in similar circumstances could be used in evidence against the probationer-defendant.

      Defendant maintains that a reasonable person in her position would have known that she must comply with the directive of her probation officer to meet with a police officer

1

because the alternative would be the revocation of her probation. This may be true as a general rule, but defendant's probation officer told her specifically that the interview with the police was not part of her probation. The interviewing detective told her at least four times that she did not have to talk to them, that she was not under arrest and that they would not arrest her even if she declined to talk. Defendant agreed to cooperate and gave the officers information. Even if she had feared revocation if she did not talk, both <u>Murphy</u> and <u>Cranley</u> hold that fear of revocation is not a sufficient reason in itself to suppress incriminating statements. "It is one thing if the police tell the probationer that unless he talks, his probation will be revoked; that places a price on his invoking [his Fifth Amendment] privilege that the Court thought excessive [in <u>Murphy</u>]." <u>Cranley</u>, 350 F.3d at 622. However, mere fear that probation might be revoked "is not a heavy enough penalty to excuse the failure to assert the privilege." <u>Id.</u>

Defendant argues that she could not invoke the Fifth Amendment because, under Wisconsin law no probationer can refuse to answer incriminating questions by a probation officer. Wisconsin offsets this requirement by prohibiting the use of any such answers in a separate criminal proceeding. It is not clear how defendant thinks this bears on her situation, in which her probation officer told her specifically that the interview with the police was not part of her probation. A person hearing this from her probation officer and hearing four times from the interviewing detective that she need not answer any questions

cannot claim to have been coerced into giving statements. Not, at least, when there is no other evidence to support such a claim.

I agree with the magistrate judge's conclusion that defendant was not coerced into making any of the statements she made to law enforcement on April 10, 2008. Accordingly, I will adopt the magistrate judge's recommendation and deny defendant's motion to suppress.

ORDER

IT IS ORDERED that defendant Margrette Cobb's motion to suppress the statements she made to law enforcement on April 10, 2008 is DENIED.

Entered this 25th day of March, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge